QUESTION: Can a security officer and security guards employed by a bank be armed, under s. 790.25(3)(f), F.S., without obtaining a license for performance of their duties on the premises of the bank?
SUMMARY: Security officers and security guards employed by a bank may be armed without obtaining the license required in ss. 790.05 and 790.06, F.S., as provided by s. 790.25(3)(f) and (n), F.S. Section 790.05, F.S., prohibits the possession of a firearm unless the person in possession has obtained a license authorizing said possession from the county commission, as provided in s.790.06, F.S. Section 790.25(3), F.S., provides 14 exceptions to the licensing requirement of ss. 790.05 and 790.06. Two of the exceptions, specifically s. 790.25(3)(f) and (n), are applicable to your question. It is my opinion s. 790.25(3)(f), F.S., which enumerates (f) Guards or messengers of common carriers, express companies, armored car carriers, mail carriers, banks, and other financial institutions, while actually employed in and about the shipment, transportation, or delivery of any money, treasure, bullion, bonds, or other things of value within this state; grants an exemption to the licensing requirements of ss. 790.05 and790.06 for those persons performing the usual and customary duties as bank guards and bank messengers. I interpret the word delivery in the above-mentioned section to refer to the ongoing ordinary day-today business whereby a bank is actually engaged in delivery of money, treasure, bullion, bonds, or other things of value in this state to its customers. I would further point out the recent opinion by the Supreme Court of Florida in the case of Peoples v. State of Florida, 287 So.2d 63 (Fla. 1973), provides additional authority for the proposition that an employee engaged in providing security services on the premises of a business establishment is exempt from the licensing requirements of ss. 790.05 and 790.06, F.S. The court in Peoples, supra, in interpreting s. 790.25(3)(n), F.S., which provides: (3) Exceptions. — The provisions of s. 790.05 and 790.06 shall not apply in the following instances, and despite said sections it shall be lawful for the following persons to own, possess, and lawfully use firearms and other weapons, ammunition, and supplies for lawful purposes: (n) A person possessing arms at his home or place of business. held, at p. 66, that s. 790.25(3)(n) specifically exempts "a person possessing arms at his home or place of business" from the prohibitions of Section 790.01 and the registration requirements of Sections 790.05 and 790.06. This exception is reinforced by the "Declarations of Policy" and "Construction" set forth in Section 790.25(1) and (4). and then stated at p. 67: The Legislature could not have intended a result so inconsistent with its Declaration of Policy in Section790.25(3)(n), and the Construction in Section 790.25(4). We must, therefore, reverse the verdict of the trial court and find the defendant not guilty of a violation of Florida Statutes 790.01, F.S.A.